IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01597-MSK-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

   Plaintiff,

v.

COLUMBINE MANAGEMENT SERVICES, INC. D/B/A COLUMBINE HEALTH SYSTEMS, INC., and
THE WORTHINGTON, INC., D/B/A NEW MERCER COMMONS ASSISTED LIVING FACILITY,

   Defendants.

## PROTECTIVE ORDER

This matter comes before the Court on the parties' Joint Motion for Entry of Protective Order. (ECF No. 26). The Court has reviewed that Motion. The parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, IT IS ORDERED:

1.   This Protective Order shall apply to all confidential documents, materials, and information, produced, given, or exchanged by and among the parties and non-parties to this action including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, deposition exhibits, and any other confidential information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "Aggrieved Individuals" is defined to mean anyone the EEOC formally discloses to Defendant as an individual on whose behalf it seeks relief in this suit, including, but not limited to, the Charging Party Kiros Aregahgn, known aggrieved individuals, Mohamed Osman Maghoub, Sawson Ibrahim, Hanaa Gaul, and Marlene Hoem, and any as yet unidentified individuals EEOC alleges were subjected to disparate treatment, disparate impact, and/or retaliation by Defendants.

4. As used in this Protective Order, "designating party" is defined as any party who has designated documents, materials, and/or information as "CONFIDENTIAL."

5. Information designated "CONFIDENTIAL" shall be information that implicates common law privacy interests, statutory privacy interests, and/or confidentiality interests such as: (a) certain designated portions of personnel records of the Aggrieved Individuals and Defendant's current or former employees and/or applicants for employment; (b) Defendant's trade secrets; (c) privileged or confidential commercial information; (d) privileged or confidential financial information; (e) medical records, financial records, and tax records pertaining to the Defendant's current and former employees or applicants for employment, and any other witness in this case. CONFIDENTIAL information shall not be disclosed for any purpose except for the

preparation and trial of this case and as prescribed by law by 5 U.S.C. § 552, Freedom of Information Act (FOIA), as amended.

6.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and the designated representatives for the parties;

(d) Aggrieved Individuals;

(e) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(f) the Court and its employees ("Court Personnel");

(g) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(h) deponents, witnesses, or potential witnesses likely to have knowledge or information related to the subject matter of confidential documents, and their translators, if any; and

    (i)  other persons by written agreement of the parties.

  7.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, stenographic reporters, and translators), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply with the Protective Order.

  8.  The designating party may designate a document as CONFIDENTIAL by placing or affixing on it (in a manner that will not interfere with their legibility) the following notice, or other appropriate notice: "CONFIDENTIAL."

  9.  Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that it is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

  10.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within forty-five (45) days after notice by the court reporter of the completion of the transcript. The designating party shall direct the court reporter to affix the appropriate confidentiality

stamp to any portion of the original transcript, and to that portion of all copies of the transcript.

11.     The parties agree to file documents designated as CONFIDENTIAL by the other party as a restricted document in conformance with D.C.COLO.LCivR 7.2(e) so that, if no motion is filed simultaneously with the restricted document, it is the designating party's burden to file the motion to keep the document(s) restricted if it wishes for the restriction to remain. The parties will confer before any motion is filed to determine whether the motion is unopposed.

12.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the designating party.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the designating party to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the designating party shall bear the burden of

establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. **Clawback Agreement**: The parties agree that they will hereafter take reasonable steps to protect against inadvertent disclosure of materials protected by the work product doctrine, attorney-client privilege, and governmental deliberative process privilege recognized by the federal courts ("Protected Materials"). The parties also agree that the inadvertent disclosure of Protected Materials shall not constitute a waiver of the attorney work product doctrine, attorney-client privilege, or the government deliberative process privilege. Any party that discovers it has sent or received Protected Materials shall immediately notify the opposing party so that appropriate steps to return or destroy the Protected Materials may be taken. By operation of the parties' agreement, the parties are specifically afforded the protections of FRE 502(d) and (e). This Clawback Agreement supplements, and does not supersede, any protections already afforded by FRE 502 or FRCP 26(b)(5)(B).

14. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall also be subject to the terms of this Protective Order.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, on November 27, 2015.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge