IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-01597-MSK-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

COLUMBINE MANAGEMENT SERVICES, INC., d/b/a Columbine Health Systems, Inc.; and
THE WORTHINGTON, INC., d/b/a New Mercer Commons Assisted Living Facility,

    Defendants.

_____

**OPINION AND ORDER GRANTING IN PART MOTION TO ENTRY CONSENT DECREE**
_____

**THIS MATTER** comes before the Court pursuant to the parties' Joint Motion for Entry of Consent Decree **(# 111)**, and the Plaintiff's ("EEOC") supplemental brief **(# 120)**.

The Court assumes the reader's familiarity with the substantive issues and procedural history of this matter. In broad summary, the EEOC commenced this action alleging that the Defendants -- an assisted living facility (Defendant Worthington/New Mercer) and its owners and operators (Defendant Columbine) (collectively referred to as "Columbine") – discriminated against five former employees on the basis of national origin, maintained an employment practice (administration of an written exam) that had a disparate impact on employees of African origin, and retaliated against one former employee for engaging in protected activity, all in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* The Court denied **(# 88)** Columbine's motion for summary judgment on the EEOC's claims and directed the parties to proceed to trial. On the eve of the scheduled Pretrial Conference, the parties advised the Court

that they had reached a settlement. They filed the instant Motion to Enter Consent Decree **(# 11)**, and tendered the 23-page consent decree that is currently before the Court.

At a hearing on January 18, 2018 **(# 117)**, the Court expressed doubts about its authority and obligation to enter the decree as proposed, highlighting certain provisions including those that were inconsistent and those that purportedly bound individuals and entities not parties to this action. Bringing these issues to the attention of the parties, the Court then offered them an opportunity to file further briefing. The EEOC filed a supplemental brief **(#120)** contending that the Court could and should (perhaps even "must") enter the proposed decree presented.

This Court has previously expressed doubt about the appropriateness of the routine practice of federal agencies seeking to resolve litigation with consent decrees. *See U.S. Commodity Futures Trading Comn. v. R2 Capital Group, LLC*, 2017 WL 4350366 (D.Colo. Aug. 3, 2017). Although the Court has carefully reviewed the EEOC's brief, and the cases cited therein as well as others, it remains troubled.

It is unclear why a consent decree – and the concomitant burdens on the court from retaining jurisdiction to oversee that decree – is routinely justified and particularly justified in this case. Literally hundreds of civil cases come before this Court each year, and the vast majority that survive dismissal, including cases involving numerous state and federal agencies and entities, are resolved by the parties via settlement agreements. Very few involve requests for court approval or are otherwise characterized as "consent decrees".

There is nothing in Title VII or other applicable law that requires settlements in actions brought by the EEOC to be approved by a court. *Compare, e.g.,* Fed. R. Civ. P. 23(e) (requiring judicial approval of class action settlements); 32 C.F.R. § 536.63(c) (requiring judicial approval of settlements of certain federal tort claims). This would suggest that Congress is perfectly

content to have discrimination lawsuits – even lawsuits prosecuted by the EEOC – resolved via privately negotiated and consummated settlement agreements[1]. Indeed, in this matter, the supplemental briefing acknowledges that Columbine "would be willing to resolve this matter through a private settlement agreement," but the EEOC is not willing to do so. It offers no explanation why, other than to state that "the injunctive relief and court supervision are material terms of the Consent Decree" which is a statement of fact, not an explanation. The EEOC refers to numerous previous cases before the undersigned that were resolved via consent decrees approved by the Court, but again, "doing it the way we have always done it" is no justification for this request. Such contention simply demonstrates that the EEOC chooses to seek consent decrees in cases as a matter of course, not because the particular circumstances of the case warrant such a decree.

To the extent that approval of a particular consent decree is premised upon the need for future judicial supervision, it is axiomatic that not all cases have such need. Typically, consent decrees, with concomitant judicial oversight, are appropriate where the terms of the settlement are complex, must be effectuated over a long period of time or where one can readily anticipate heated disputes arising over the parties' compliance with their agreement. Consent decrees

---

[1] This is not to suggest that the terms of such settlement agreements should not be public, simply that such agreements need no court blessing to be enforceable.
  In a case such as this, the EEOC's enforcement of a private settlement would be scarcely different than its enforcement of a settlement reduced to a consent decree. In the private settlement context, the EEOC could commence a new lawsuit in federal court (where subject-matter jurisdiction always lies pursuant to 28 U.S.C. § 1345, due to the EEOC being a federal agency) sounding in breach of contract. It seems implausible that Columbine would dispute the existence of an enforceable contract, leaving Columbine's compliance with the terms of the settlement agreement as the only issue for resolution. And the EEOC could expedite the presentation of that question by moving for summary judgment immediately upon filing the Complaint. *See* Fed. R. Civ. P. 56(b) (motion may be made "at any time"). Other than the mild inconveniences of having to draft a Complaint and pay a filing fee (which could be charged to Columbine as a sanction if the Court agrees that the settlement agreement was violated), this process is hardly different from the EEOC filing a motion for contempt under a consent decree.

might be appropriate for cases involving, for example, school desegregation or prison reform or reformation of wide-ranging public employment hiring systems. But their use to settle ordinary, run-of-the-mill litigation or to enforce simple and non-controversial settlements[2] is ill advised for several reasons. From a judicial perspective, it wastes judicial resources requiring judicial involvement in the initial process of court review and approval of the decree and in the adjudication of any subsequent disputes. In addition, it invites future litigation. Here, the terms of the parties' settlement -- Columbine will pay money, will "review its existing EEO policies to conform to the law," will "stop using" employment tests or exams, will retain records and report complaints, and will provide EEO training to its employees[3] – are the sort of routine obligations that present little likelihood of intractable disagreements, much less disagreements that would warrant the sort of immediate hotline to judicial resolution that a consent decree represents.

Perhaps, the most troubling aspect of the EEOC's routine approach is that it inappropriately leverages its executive branch enforcement role. As an agency of the federal government, the EEOC is charged with enforcing critical civil rights protections. But, as the maxim goes, "all parties are equal before the law." This Court would not allow ordinary litigants to insist upon resolving every single lawsuit with a consent decree as a matter of course, and

---

[2] The EEOC here assures the Court that "enforcement proceedings under such decrees are rare," seemingly to convince the Court that approval of the proposed Decree is unlikely to require further proceedings in this case. But such assurances undermine, rather than support, the notion that a judicial decree is necessary. If there is little likelihood of future conflict over the terms of the settlement, there is little need for the type of continued judicial involvement that a consent decree exists to provide.

[3] The proposed decree also contains "obey the law" clauses that purport to enjoin Columbine from engaging in discrimination or retaliation already prohibited by Title VII. ¶ 18, 19. This Court has noted its discouragement of "obey the law" injunctions in the past, *U.S. Commodity Futures Trading Comn. v. R2 Capital Group, LLC*, 2017 WL 4350366 (D.Colo. Aug. 3, 2017), and nothing in the instant case suggests that such a provision is any more appropriate here.

there is no reason why the EEOC should be given such a unique privilege. Indeed, proposed consent decrees negotiated by the EEOC, like this one, include terms and conditions that could only be approved after a finding of discrimination were the matter to proceed to trial. Here, there is no admission of discrimination, thus the threat of their enforcement of such terms by judicial sanction, at least viscerally, appears to be a prosecutorial overreach.

Nevertheless, the EEOC is correct when it asserts that the Supreme Court and Circuit Courts have generally favored the voluntary resolution of litigation by the use of consent decrees (even to the point of seemingly doing violence to statutory language in order to accomplish that outcome). *See Local No. 93 v. City of Cleveland*, 478 U.S. 501, 545 (1988) (Rhenquist, C.J., dissenting); *U.S. v. City of Miami*, 664 F.2d 435, 440-42 (5th Cir. 1981). These authorities suggest that the scope of this Court's review of a proposed decree is limited to considering whether it is "fair, adequate, and reasonable," and complies with other fairly minimal requirements. *Id.* By those broad metrics, the Court finds that the proposed decree is appropriate. The Court will approve (with minor modifications) the parties' proposed decree.

Thus, the Court **GRANTS IN PART** the parties Joint Motion to Enter Consent Decree **(#111)**. The Court enters the decree found at Docket #111-1, as if set forth herein, with the exception of paragraphs 19 and 20, which the Court strikes as superfluous, and paragraph 9, the second sentence of which is deemed replaced by the tendered amended paragraph 9 found in the EEOC's brief **(# 120** at13).

That decree constituting the entry of final judgment in this matter, the Clerk of the Court shall close this case.

Dated this 25th day of July, 2018. **BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge